| FORM B1 | **United States Bankruptcy Court**<br>**Eastern District of Wisconsin** | **Voluntary Petition** |
|---|---|---|

| Name of Debtor (if individual, enter: Last, First, Middle):<br>**KEMEN, ANGELA LYNN** | Name of Joint Debtor (Spouse)(Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 6 years<br>(include married, maiden, and trade names) | All Other Names used by the Joint Debtor in the last 6 years<br>(include married, maiden, and trade names): |
| Soc. Sec./Tax I.D. No. (if more than one, state all):<br>**XXX-XX-2461** | Soc. Sec./Tax I.D. No. (if more than one, state all): |
| Street Address of Debtor (No. & Street, City, State & Zip Code):<br>**1540 HAYES AVENUE**<br>**RACINE, WI 53405** | Street Address of Joint Debtor (No. & Street, City, State & Zip Code): |
| County of Residence or of the<br>Principal Place of Business:    **RACINE** | County of Residence or of the<br>Principal Place of Business: |
| Mailing Address of Debtor (if different from street address): | Mailing Address of Joint Debtor (if different from street address): |
| Location of Principal Assets of Business Debtor<br>(if different from street address above): | |

## Information Regarding the Debtor (Check the Applicable Boxes)

**Venue** (Check any applicable box)
[X] Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately
  preceding the date of this petition or for a longer part of such 180 days than in any other District.
[ ] There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

| **Type of Debtor** (Check all boxes that apply)<br><br>[X] Individual(s)  [ ] Railroad<br>[ ] Corporation  [ ] Stockbroker<br>[ ] Partnership  [ ] Commodity Broker<br>[ ] Other _____ | **Chapter or Section of Bankruptcy Code Under Which<br>the Petition is Filed** (Check one box)<br><br>[X] Chapter 7    [ ] Chapter 11    [ ] Chapter 13<br>[ ] Chapter 9    [ ] Chapter 12<br>[ ] Sec. 304 - Case ancillary to foreign proceeding |
|---|---|
| **Nature of Debts** (Check one box)<br>[X] Consumer/Non-Business    [ ] Business<br><br>**Chapter 11 Small Business** (Check all boxes that apply)<br>[ ] Debtor is a small business as defined in 11 U.S.C. § 101<br>[ ] Debtor is and elects to be considered a small business under<br>  11 U.S.C. § 1121(e)(optional) | **Filing Fee** (Check one box)<br>[X] Full Filing Fee attached<br>[ ] Filing Fee to be paid in installments (Applicable to individuals only)<br>  Must attach signed application for the court's consideration<br>  certifying that the debtor is unable to pay fee except in installments.<br>  Rule 1006(b). See Official Form No. 3. |

**Statistical/Administrative Information** (Estimates only)
[ ] Debtor estimates that funds will be available for distribution to unsecured creditors.
[X] Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will
  be no funds available for distribution to unsecured creditors.

THIS SPACE FOR COURT USE ONLY

United States Bankruptcy
RECEIVED
JUN 23 2004
Mail

| Estimated Number of Creditors | 1-15<br>[X] | 16-49<br>[ ] | 50-99<br>[ ] | 100-199<br>[ ] | 200-999<br>[ ] | 1000-over<br>[ ] |
|---|---|---|---|---|---|---|

| Estimated Assets | | | | | | |
|---|---|---|---|---|---|---|
| $0 to<br>$50,000<br>[X] | $50,001 to<br>$100,000<br>[ ] | $100,001 to<br>$500,000<br>[ ] | $500,001 to<br>$1 million<br>[ ] | $1,000,001 to<br>$10 million<br>[ ] | $10,000,001 to<br>$50 million<br>[ ] | $50,000,001 to<br>$100 million<br>[ ] | More than<br>$100 million<br>[ ] |

| Estimated Debts | | | | | | |
|---|---|---|---|---|---|---|
| $0 to<br>$50,000<br>[X] | $50,001 to<br>$100,000<br>[ ] | $100,001 to<br>$500,000<br>[ ] | $500,001 to<br>$1 million<br>[ ] | $1,000,001 to<br>$10 million<br>[ ] | $10,000,001 to<br>$50 million<br>[ ] | $50,000,001 to<br>$100 million<br>[ ] | More than<br>$100 million<br>[ ] |

| Voluntary Petition<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>ANGELA KEMEN | |
|---|---|---|
| **Prior Bankruptcy Case Filed Within Last 6 Years** (If more than one, attach additional sheet) | | |
| Location<br>Where Filed:    NONE | Case Number: | Date Filed: |
| **Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor** (If more than one, attach additional sheet) | | |
| Name of Debtor:<br>    NONE | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

# Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X *Angela Lynn Kemen*
Angela Lynn Kemen

X _____

Telephone Number (If not represented by attorney)
Date  *6-21-04*

### Signature of Attorney

X *Dan Mic.*
Signature of Attorney for Debtor(s)

ROBERT MICHELSON
Printed Name of Attorney for Debtor(s)
MICHELSON LAW OFFICE
Firm Name
P.O. BOX 67
Address
    RACINE, WI 53401-0067
262-638-8400
Telephone Number     *6/22/04*
Date

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X Not Applicable
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

### Exhibit A

(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11)

☐  Exhibit A is attached and made a part of this petition.

### Exhibit B

(To be completed if debtor is an individual whose debts are primarily consumer debts)

I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, and have explained the relief available under each such chapter.

X *Dan Mic.*                          *6/22/04*
Signature of Attorney for Debtor(s)          Date

### Exhibit C

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐  Yes, and Exhibit C is attached and made a part of this petition.

☒  No

### Signature of Non-Attorney Petition Preparer

I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.

    Not Applicable
Printed Name of Bankruptcy Petition Preparer

_____
Social Security Number

_____
Address

_____

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document:

    Not Applicable

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

X _____
Signature of Bankruptcy Petition Preparer

_____
Date

A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. §110; 18 U.S.C. §156.

# UNITED STATES BANKRUPTCY COURT

## Eastern District of Wisconsin

In re:  ANGELA LYNN KEMEN
        XXX-XX-2461

Case No. _____

Chapter 7

# SUMMARY OF SCHEDULES

AMOUNTS SCHEDULED

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NUMBER OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | YES | 1 | $ 0.00 | | |
| B - Personal Property | YES | 2 | $ 6,278.00 | | |
| C - Property Claimed As Exempt | YES | 1 | | | |
| D - Creditors Holding Secured Claims | YES | 1 | | $ 0.00 | |
| E - Creditors Holding Unsecured Priority Claims | YES | 1 | | $ 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | YES | 1 | | $ 25,220.00 | |
| G - Executory Contracts and Unexpired Leases | YES | 1 | | | |
| H - Codebtors | YES | 1 | | | |
| I - Current Income of Individual Debtor(s) | YES | 1 | | | $ 1,068.00 |
| J - Current Expenditures of Individual Debtor(s) | YES | 1 | | | $ 1,694.00 |
| Total Number of sheets in ALL Schedules >> | | 11 | | | |
| Total Assets >> | | | $ 6,278.00 | | |
| Total Liabilities >> | | | | $ 25,220.00 | |

# SCHEDULE A - REAL PROPERTY

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSB. WIFE JOINT OR COMM. | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| NONE | | | 0.00 | 0.00 |

TOTAL ➤ | 0.00 |

# SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | DESCRIPTION AND LOCATION OF PROPERTY | HUSB. WIFE JOINT OR COMM. | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|
| 1. Cash on hand. | NONE | | 0.00 |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | CHECKING/SAVINGS ACCOUNT AT: GUARANTY BANK; BELLE CITY CREDIT UNION | | 58.00 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | NONE | | 0.00 |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | HOUSEHOLD GOODS AND FURNISHINGS, UP TO $475 PER ITEM - SEE SCHEDULE B - EXHIBIT I ATTACHED | | 395.00 |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | NONE | | 0.00 |
| 6. Wearing apparel. | WEARING APPAREL | | 100.00 |
| 7. Furs and jewelry. | NONE | | 0.00 |
| 8. Firearms and sports, photographic, and other hobby equipment. | NONE | | 0.00 |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | NONE | | 0.00 |
| 10. Annuities. Itemize and name each issuer. | NONE | | 0.00 |
| 11. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Itemize. | 401-K | | 500.00 |
| 12. Stock and interests in incorporated and unincorporated businesses. Itemize. | NONE | | 0.00 |
| 13. Interests in partnerships or joint ventures. Itemize. | NONE | | 0.00 |
| 14. Government and corporate bonds and other negotiable and non-negotiable instruments. | NONE | | 0.00 |
| 15. Accounts Receivable. | NONE | | 0.00 |
| 16. Alimony, maintenance, support and property settlements to which the debtor is or may be entitled. Give particulars. | NONE | | 0.00 |
| 17. Other liquidated debts owing debtor including tax refunds. Give details. | NONE | | 0.00 |
| 18. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in the Schedule of Real Property. | NONE | | 0.00 |
| 19. Contingent and non-contingent interest in estate of a decedent, death benefit plan, life insurance policy, or trust. | NONE | | 0.00 |

Schedule B - Page 1

Case No. _____

In re:   ANGELA LYNN KEMEN
         XXX-XX-2461

# SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | DESCRIPTION AND LOCATION OF PROPERTY | HUSB. WIFE JOINT OR COMM. | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|
| 20. Other contingent and unliquidated claims of any nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | NONE | | 0.00 |
| 21. Patents, copyrights, and other intellectual property. Give estimated value of each. | NONE | | 0.00 |
| 22. Licenses, franchises, and other general intangibles. Give particulars. | NONE | | 0.00 |
| 23. Automobiles, trucks, trailers, and other vehicles and accessories. | 1994 MERCURY COUGAR | | 2,275.00 |
| | 1996 CHRYSLER CONCORDE | | 2,950.00 |
| 24. Boats, motors, and accessories. | NONE | | 0.00 |
| 25. Aircraft and accessories. | NONE | | 0.00 |
| 26. Office equipment, furnishings, and supplies. | NONE | | 0.00 |
| 27. Machinery, fixtures, equipment, and supplies. | NONE | | 0.00 |
| 28. Inventory. | NONE | | 0.00 |
| 29. Animals. | NONE | | 0.00 |
| 30. Crops - growing or harvested. Give particulars. | NONE | | 0.00 |
| 31. Farming equipment and implements. | NONE | | 0.00 |
| 32. Farm supplies, chemicals, and feed. | NONE | | 0.00 |
| 33. Other personal property of any kind not already listed. Itemize. | NONE | | 0.00 |

TOTAL »            6,278.00

Schedule B - Page 2

**SCHEDULE B. - EXHIBIT 1.**

Debtor's Name: *Angela L Kemen*

## HOUSEHOLD ITEMS - WHAT THEY WOULD
## BRING AT A RUMMAGE SALE

| | | | | |
|---|---|---|---|---|
| $_____ | Stove | $ 100 | TV |
| $_____ | Refrigerator | $ 25 | TV |
| $_____ | Dishwasher | $_____ | Stereo receiver |
| $_____ | Freezer | $_____ | Stereo amplifier |
| $_____ | Washing machine | $_____ | Stereo speakers |
| $_____ | Dryer | $_____ | Stereo system |
| $_____ | Lawn mower | $_____ | |
| $_____ | Kitchen table set | $_____ | |
| $ 20 | Dining room table set | $_____ | |
| $ 50 | Couch | $_____ | |
| $ 40 | Bed | $_____ | |
| $ 20 | Bed | $_____ | |
| $ 20 | Bed | $_____ | |
| $_____ | Dresser | $_____ | |
| $_____ | Dresser | | |
| $_____ | Dresser | | |
| $ 20 | Computer | | |
| $_____ | Computer | | |

The rest of my/our household items (such as pots, pans, mirrors, etc.) Are worth very little individually and together would probably bring in at a rummage sale the total of $ 100 .)

4.B.

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor elects the exemption to which debtor is entitled under:

[X]   11 U.S.C. § 522(b)(1)      Exemptions provided in 11 U.S.C. § 522(d).  Note:  These exemptions are available only in certain states.

[ ]   11 U.S.C. § 522(b)(2)      Exemptions available under applicable nonbankruptcy federal laws, state or local law where the debtor's domicile has
                                 been located for the 180 days immediately preceding the filing of the petition, or for a longer portion of the 180-day
                                 period than in any other place, and the debtor's interest as a tenant by the entirety or joint tenant to the extent the
                                 interest is exempt from process under applicable nonbankruptcy law.

| DESCRIPTION OF PROPERTY | SPECIFIC LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT MARKET VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTIONS |
|---|---|---|---|
| 1994 MERCURY COUGAR | 11 USC § 522(d)(5) | 2,275.00 | 2,275.00 |
| 1996 CHRYSLER CONCORDE | 11 USC § 522(d)(2) | 2,950.00 | 2,950.00 |
| 401-K | 11 USC § 522(d)(10)(E) | 500.00 | 500.00 |
| CHECKING/SAVINGS ACCOUNT AT: GUARANTY BANK; BELLE CITY CREDIT UNION | 11 USC § 522(d)(5) | 58.00 | 58.00 |
| HOUSEHOLD GOODS AND FURNISHINGS, UP TO $475 PER ITEM - SEE SCHEDULE B - EXHIBIT I ATTACHED | 11 USC § 522(d)(3) | 395.00 | 395.00 |
| WEARING APPAREL | 11 USC § 522(d)(3) | 100.00 | 100.00 |

# Schedule D - Creditors Holding Secured Claims

| CREDITOR'S NAME MAILING ADDRESS INCLUDING ZIP CODE | CO-DEBTOR | HUSBAND WIFE JOINT OR COMMUN. | CLAIM DATE, NATURE OF LIEN, DESCRIPTION AND MARKET VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT UNLIQUIDATED DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|
| ACCT. NO. | NO | | | | | |
| NONE | | | | | 0.00 | 0.00 |
| | | | VALUE $ | 0.00 | | |

|  |  |
|---|---|
| Subtotal » (Total of this page) | 0.00 |
| TOTAL » | 0.00 |

Schedule D - Page 1 of 1

# Schedule E - Creditors Holding Unsecured Priority Claims

[X] Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

# Types of Priority Claims

[ ] **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(2).

[ ] **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $4300* per person earned within 90 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(3).

[ ] **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

[ ] **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $4300* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(5).

[ ] **Deposits by individuals**

Claims of individuals up to $1950* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(6).

[ ] **Alimony, Maintenance, or Support**

Claims of a spouse, former spouse, or child of the debtor for alimony, maintenance, or support, to the extent provided in 11 U.S.C. § 507(a)(7).

[ ] **Taxes and Other Certain Debts Owed to Governmental Units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

[ ] **Commitments to Maintain the Capital of an Insured Depository Institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

[ ] **Other Priority Debts**

# Schedule F - Creditors Holding Unsecured Nonpriority Claims

| CREDITOR'S NAME MAILING ADDRESS INCLUDING ZIP CODE | CO-DEBTOR | HUSBAND WIFE JOINT OR COMMUN. | DATE CLAIM WAS INCURRED, AND CONSIDERATION FOR CLAIM, IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT UNLIQUIDATED DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|
| ACCT. NO.<br>Academy Collection<br>10965 Decatur Road<br>Philadelphia, PA  19154-3210 | NO | | NOTICE ONLY | | 0.00 |
| ACCT. NO.<br>AT&T Wireless<br>P.O. Box 7951<br>Westbury, NY 11590-7951 | NO | | 2004<br>PHONE SERVICE | | 1,448.00 |
| ACCT. NO. 4427 1000 3078 8611<br>Bank of America<br>P.O. Box 5270<br>Carol Stream, IL 60197-5270 | NO | | 2003-2004<br>MISCELLANEOUS PURCHASES | | 2,146.00 |
| ACCT. NO. 4305 7223 3035 9707<br>Capital One<br>P.O. Box 60000<br>Seattle, WA  98190-6000 | NO | | 2002-2004<br>MISCELLANEOUS PURCHASES | | 5,074.00 |
| ACCT. NO. 5424 1801 3757 5913<br>Citibank<br>P.O. Box 6000<br>The Lakes, NV 89163-6000 | NO | | 2002-2004<br>MISCELLANEOUS PURCHASES | | 6,863.00 |
| ACCT. NO. 6011 0077 3071 4069<br>Discover<br>Bankruptcy Department<br>P.O. Box 8003<br>Hilliard, OH  43026 | NO | | 2002-2004<br>MISCELLANEOUS PURCHASES | | 6,386.00 |
| ACCT. NO. 0277932232<br>Kohls<br>P.O. Box 3004<br>Milwaukee, WI  53201-3004 | NO | | 2003-2004<br>MISCELLANEOUS PURCHASES | | 1,007.00 |
| ACCT. NO. 4428 2880 6875 3901<br>US Bank<br>P.O. Box 790408<br>St. Louis, MO 63179-0408 | NO | | 2003-2004<br>MISCELLANEOUS PURCHASES | | 1,939.00 |
| ACCT. NO. 295 653 935<br>Victoria's Secret<br>P.O. Box 659562<br>San Antonio, TX  78265 | NO | | Debt Incurred:<br>MISCELLANEOUS CHARGE PURCHASES | | 357.00 |

Subtotal »
(Total of this page) | 25,220.00

TOTAL » | 25,220.00

# Schedule G - Executory Contracts and Unexpired Leases

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST, STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY.  STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT |
|---|---|
| NONE | |

# SCHEDULE H - CODEBTORS

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| NONE | |

# Schedule I - Current Income Of Individual Debtor(s)

| Debtor's Marital Status: **SINGLE** | DEPENDENTS OF DEBTOR AND SPOUSE | | | |
|---|---|---|---|---|
| Debtor's Age: **26**<br>Spouse's Age: | NAMES<br>**JOEL** | | AGE<br>**5** | RELATIONSHIP<br>**SON** |
| EMPLOYMENT: | DEBTOR | | SPOUSE | |
| Occupation | **FINISHING SPIDER** | | | |
| How long employed | **4½ YEARS** | | | |
| Name and Address of Employer | **BURLINGTON GRAPHIC SYSTEMS**<br>**2600 CHICKORY ROAD**<br>**RACINE, WISCONSIN  53403** | | | |

| Income: (Estimate of average monthly income) | DEBTOR | | SPOUSE | |
|---|---|---|---|---|
| Current monthly gross wages, salary, and commissions (pro rate if not paid monthly) | $ | 1,359.00 | $ | |
| Estimated monthly overtime | $ | 0.00 | $ | |
| SUBTOTAL | $ | 1,359.00 | $ | |
| LESS PAYROLL DEDUCTIONS | | | | |
| a.) Payroll taxes and social security | $ | 295.00 | $ | |
| b.) Insurance | $ | 0.00 | $ | |
| c.) Union dues | $ | 0.00 | $ | |
| d.) Other        **401-K** | $ | 28.00 | $ | |
| SUBTOTAL OF PAYROLL DEDUCTIONS | $ | 323.00 | $ | |
| TOTAL NET MONTHLY TAKE HOME PAY | $ | 1,036.00 | $ | |
| Regular income from operation of business, profession or farm (attach detailed statement) | $ | 0.00 | $ | |
| Income from real property | $ | 0.00 | $ | |
| Interest and dividends | $ | 0.00 | $ | |
| Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above. | $ | 32.00 | $ | |
| Social security or other government assistance (Specify) | $ | 0.00 | $ | |
| Pension or retirement income | $ | 0.00 | $ | |
| Other monthly income (Specify) | $ | 0.00 | $ | |
| TOTAL MONTHLY INCOME | $ | 1,068.00 | $ | |

TOTAL COMBINED MONTHLY INCOME      $       1,068.00

Describe any increase or decrease of more than 10% in any of the above categories anticipated to occur within the year following the filing of this document:

**NONE**

# Schedule J - Current Expenditures Of Individual Debtor(s)

[ ] Check this box if a joint petition is filed and debtor's spouse maintains a separate
    household.  Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---:|
| Rent or home mortgage payment (include lot rented for mobile home) | $ | 389.00 |
| Are real estate taxes included?    [ ] Yes  [x] No | | |
| Is property insurance included?    [ ] Yes  [x] No | | |
| | | |
| Utilities:    Electricity and heating fuel | $ | 60.00 |
| Water and sewer | $ | 0.00 |
| Telephone | $ | 100.00 |
| Other:        CABLE | $ | 32.00 |
| | | |
| Home Maintenance (Repairs and upkeep) | $ | 0.00 |
| Food | $ | 310.00 |
| Clothing | $ | 80.00 |
| Laundry and dry cleaning | $ | 40.00 |
| Medical and dental expenses | $ | 25.00 |
| Transportation (not including car payments) | $ | 100.00 |
| Recreation, clubs and entertainment, newspapers, magazines, etc. | $ | 140.00 |
| Charitable contributions | $ | 0.00 |
| Insurance (not deducted from wages or included in home mortgage payments): | | |
| Homeowner's or renter's | $ | 14.00 |
| Life | $ | 0.00 |
| Health | $ | 0.00 |
| Auto | $ | 184.00 |
| Other: | $ | 0.00 |
| | | |
| Taxes (not deducted from wages or included in home mortgage payments) | | |
| (Specify) | $ | 0.00 |
| Installment payments (In chapter 12 & 13 cases, do not list payments to be included in the plan) | | |
| Auto | $ | 0.00 |
| Other: | $ | 0.00 |
| | | |
| Alimony, maintenance, and support paid to others | $ | 0.00 |
| Payments for support of additional dependents not living at your home | $ | 0.00 |
| Regular expenses from operation of business, profession, or farm (attach stmt) | $ | 0.00 |
| Other:      DAUCARE | $ | 145.00 |
| MISCELLANEOUS | $ | 75.00 |

| | | |
|---|---|---:|
| **TOTAL MONTHLY EXPENSES** (Report also on Summary of Schedules) | $ | 1,694.00 |

(FOR CHAPTER 12 and 13 DEBTORS ONLY)
Provide the information requested below, including whether plan payments are to be made bi-weekly,
monthly, annually, or at some other regular interval.
A.  Total projected monthly income
B.  Total projected monthly expenses
C.  Excess income (A minus B)
D.  Total amount to be paid into plan

# Declaration Concerning Debtor's Schedules

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of   11 sheets plus the summary page, and that they are true and correct to the best of my knowledge, information, and belief.

Date   6-21-04

Signature _____
ANGELA LYNN KEMEN

-------------------------------------------------------------------------------------------------------------

## DECLARATION UNDER PENALTY OF PERJURY
## ON BEHALF OF A CORPORATION OR PARTNERSHIP

### (NOT APPLICABLE)

Penalty for making a false statement or concealing property.  Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C § 152 and 3571.

UNITED STATES BANKRUPTCY COURT

Eastern District of Wisconsin

In re:    ANGELA LYNN KEMEN                  Case No. _____
          XXX-XX-2461                           Chapter 7

# STATEMENT OF FINANCIAL AFFAIRS

## 1. Income from employment or operation of business

None
[ ]

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the two years immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE | FISCAL YEAR PERIOD |
|---|---|---|
| 7,464.00 | WAGES | 2004 |
| 16,767.00 | WAGES | 2003 |
| 9,956.00 | WAGES | 2002 |

## 2. Income other than from employment or operation of business

None
[ ]

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the two years immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| 750.00 | CHILD SUPPORT |

## 3. Payments to creditors

None
[X]

a. List all payments on loans, installment purchases of goods or services, and other debts, aggregating more than $600 to any creditor, made within 90 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and joint petition is not filed.)

None
[X]

b. List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 4. Suits and administrative proceedings, executions, garnishments and attachments

None
[X]

a. List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None
[X]

b. Describe all property that has been attached, garnished or seized under any legal or equitable process within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 5. Repossessions, foreclosures and returns

None
[X]

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 6. Assignments and receiverships

None
[X]

    a. Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None
[X]

    b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 7. Gifts

None
[X]

    List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 8. Losses

None
[X]

    List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 9. Payments related to debt counseling or bankruptcy

None
[ ]

    List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| ROBERT MICHELSON<br>617 - 6TH STREET<br>RACINE, WISCONSIN 53403 | MAY 2004 | $475 & FILING FEE PAID TO FILE THIS BANKRUPTCY. |

## 10. Other transfers

None
[X]

    List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 11. Closed financial accounts

None
[X]

    List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 12. Safe deposit boxes

None
[X]

    List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 13. Setoffs

None
[X]

    List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 14. Property held for another person

None
[X]

    List all property owned by another person that the debtor holds or controls.

## 15. Prior address of debtor

None
[ ]

If the debtor has moved within the two years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|
| 5615 BYRD AVENUE #102<br>RACIE, WISCONSIN 53406 | ANGELA KEMEN | |
| 1540 HAYES AVENUE<br>RACINE, WISCONSIN | ANGELA KEMEN | 12/94 - 3/03 |

**16.  Spouses and Former Spouses**



If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington or Wisconsin) within the six-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

---

**17.  Environmental Information**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

---

None
☒   a.   List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law.  Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

---

None
☒   b.   List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material.  Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

---

None
☒   c.   List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party.  Indicate the name and address of the governmental unit that is or was a party to the proceeding and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

*(If completed by an individual or individual and spouse)*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Dated: ___6-21-04___

_____
Debtor

Dated: _____

_____
Joint Debtor

# UNITED STATES BANKRUPTCY COURT
## Eastern District of Wisconsin

In re:   ANGELA LYNN KEMEN
         XXX-XX-2461

Case No. _____

Chapter 7

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

1. I have filed a schedule of assets and liabilities which includes consumer debts secured by property of the estate.

2. I intend to do the following with repect to the property of the estate which secures those consumer debts:

   A. *Property To Be Surrendered.*

| Description of Property | Creditor's name |
|---|---|
| 1.   NONE | |

   B. *Property To Be Retained.*                    *[Check any applicable statement.]*

| Description of property | Creditor's name | Property is claimed as exempt | Property will be redeemed pursuant to 11 U.S.C. § 722 | Debt will be reaffirmed pursuant to 11 U.S.C § 524(c) | Other |
|---|---|---|---|---|---|
| 1.   NONE | | | | | |

Date:  6-21-04

ANGELA LYNN KEMEN, Debtor

# UNITED STATES BANKRUPTCY COURT

### Eastern District of Wisconsin

In re: **Debtor(s) same as on initial petition page.**

# STATEMENT OF ATTORNEY FOR PETITIONER PURSUANT TO BANKRUPTCY RULE 2016(b)

The undersigned, pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), states that:

1) The undersigned is the attorney for the debtor(s) in this case.

                                                                 **Terms of payment – see attached**

2) The compensation paid or agreed to be paid by the debtor(s) to the undersigned is:

   a) for legal services rendered or to be rendered in contemplation of and in connection with this case

   b) prior to filing this statement, debtor(s) have paid            **Paid to–date: $475.00**

   c) the unpaid balance due and payable is

3) $\underline{\quad 200.00 \quad}$ of the filing fee in this case has been paid.

4) The services rendered or to be rendered include the following:

   a) Analysis of the financial situation, and rendering advice and assistance to the debtor(s) in determining whether to file a petition under Title 11, United States Code.

   b) Preparation and filing of the petition, schedules of assets and liabilities, statement of affairs, and other documents required by the court.

   c) Representation of the debtor(s) at the first meeting of creditors.

5) The source of payments made by the debtor(s) to the undersigned was from earnings, wages and compensation for services performed, and *

      **NONE**

6) The source of payments to be made by the debtor(s) to the undersigned for the unpaid balance remaining, if any, will be from earnings, wages and compensation for services performed, and

      **NONE**

7) The undersigned have not shared or agreed to share, with any other person, other than with members of their law firm or corporation, any compensation paid or to be paid except as follows:

      **NONE**

Dated:    **Dated same date as initial petition page.**

                                          ROBERT MICHELSON, Bar no: 1013287
                                          Attorney for Debtor(s)

---

* If a fee is paid by transfer of property or if security is taken, give details here and in appropriate section of Schedules or Statement of Affairs.

# CHAPTER 7 FEE AGREEMENT

This Agreement sets forth the terms upon which **THE MICHELSON LAW OFFICE**, hereinafter referred to as "attorneys", shall provide legal services requested by _____ Angela Kremen _____ hereinafter referred to as "Client".

**1st:** Attorneys shall provide legal services with regard to filing a Chapter 7 Bankruptcy for Client. It is expressly agreed and understood by Client that no promises, assurances, or guarantees as to the outcome of any legal matter have been made by attorneys. Payment of fees is **not** contingent upon any particular outcome of the matters for which attorneys' services have been retained. It is expressly agreed and understood by the Client that Michelson Law Office is retained for the sole benefit of the Client and not for the benefit of any other party. Client understands that attorneys do not claim to be very knowledgeable in other areas of law, such as real estate, taxes, divorce, business, or state court litigation and that if Client needs an attorney for such a matter that the Michelson Law Office will not represent Client with regard to such a matter and that Client will have to hire another law firm, at Client's own expense, to handle such matter.

**2nd:** To obtain these legal services, Client shall pay as legal fees (solely for the work of the attorneys and their staff), a basic fee of $ 975 . $ 684 must be paid before attorneys will start any work for Client. Client recognizes that from that sum:

A. Attorneys shall be keeping only $ 475 as payment toward legal fees.

B. Attorneys shall pay to the Bankruptcy Court $209.00 as the initial court filing fee and, if checked, ( ) a $9.00 certification fee and a ( ) $22.00 ( ) $25.00 Credit Bureau report fee; these fees are **NOT** part of the legal fees.

The balance of the basic legal fee shall be paid in monthly payments of at least $ 75 , due on the 30th of each month, starting July 30, 2004.

**3rd:** The following items will not be part of the "basic legal fee", will be **charged separately**, and calculated at the following rate unless stated otherwise:

Attorney time charge: $265.00 per hour     Paralegal time charge: $75.00 per hour

A. Amending the Petition because Client's information was inaccurate .................     $55.00
or to add creditor(s) (amendment must be done by discharge date)     (Plus $26.00 court filing fee)

B. Re-opening closed case to add new creditor(s) ..................................................     hourly rate
     (Plus $175.00 filing fee)

C. Contested matters: Client may become involved in matters arising from bankruptcy which can be contested and, if not resolved, will be decided by a judge. Such situations include, but are not limited to: challenges to dischargeability of a claim, including responses to and negotiating of threats pertaining thereto; hearings to set values on Client's property; a trustee's challenge to a claimed exemption and negotiating settlements with trustees on turnover items; reopening a dismissed bankruptcy; a motion for the sale of property free and clear of liens; motions to lift stay or to dismiss the bankruptcy; Rule 2004 hearings; appeals ......................................................................................................     hourly rate

D. Any additional Sec. 341 hearings after first hearing ...........................................     hourly rate

E. Obtaining lien documents, appraisals, or other documents requested by a Trustee     hourly rate

F. Drafting, negotiating, editing, and/or amending any document such as, although not limited to, personal injury or tax advisory letters, guaranty letters, or deeds, land contracts, mortgages, or notices, involving the transfer, alteration, or surrender of property or a legal interest or right, or creating or eliminating a security or other interest or encumbrance therein, or permitting commencement or continuation of matters in state court, halting the same, or the reaffirmation of a debt after the filing of the petition .......................................................................     hourly rate

Client agrees that this agreement excludes attorneys representation in contested matters unless attorneys specifically agree in writing to represent client. Should attorneys so agree, they may require an additional initial fee. Attorneys may decline to agree for any reason.

Unless altered by a signed Agreement, the fee for a matter included in this Third Section will be added to the basic fee and paid upon the same terms as set forth in this agreement regarding the basic fee.

Client agrees that if Client becomes entitled to receive proceeds from a tax refund, the sale of real estate or settlement of a personal injury claim, all legal fees unpaid shall be paid from such proceeds.

**4th:** Client agrees to reimburse (or prepay at attorneys' request) attorneys for all out-of-pocket expenses incurred in the handling of this matter, including but not limited to, court filing fees, postage and photocopy fees, fees for process servers, for recording and certifying documents, for overnight delivery services, deposition expenses, including transcripts, and witness fees (including expert witnesses). **These fees and expenses are not part of the legal fees.** Because of the peculiar nature of bankruptcy law, Client agrees that until all fees agreed upon in this matter are paid, attorneys need not provide copies of any documents to Client except documents already filed with the bankruptcy court. When all fees have been paid, Client may request his file, but shall prepay for attorneys to make a complete copy of the file. Attorneys shall retain Client's file for 10 years and then destroy it.

**5th:** Attorney's acceptance of a less than full or late payment shall not constitute a waiver of the terms of this Agreement. While a delinquency in payment exists, payments made shall first be applied to cure the delinquency. At any time Client is more than 20 days late in making a payment, attorneys may withdraw from handling the case. If payments due are not made and the delinquency is not cured within 30 days, attorneys may declare the entire balance due and initiate a lawsuit to collect the entire balance.

**6th:** Client acknowledges that should Client not pay according to the terms of the Agreement, that attorneys and their staff will have to spend extra time in additional bookkeeping, correspondence, litigation and similar collection efforts that will not be compensated by the payments called for in the Fee Agreement regarding services Client is requesting. Therefore, Client agrees that should Client not make the payments as called for in this Agreement, attorneys may charge the following amounts for extra work:

A. For handling a collection lawsuit through entry of Judgment
- hourly rate, but minimum of ................................................................... $350.00

B. For each garnishment action after Judgment is entered ........................... $50.00

C. If referred to a collection agency, agency's fee ....................................... 40% of amount owed

**7th:** Client acknowledges that most of attorney's work in this matter will be performed in Racine County, Wisconsin, and agrees that all legal disputes arising from this Agreement shall be venued there.

**8th:** Client acknowledges that his representation as a Client by the Michelson Law Office ends when the first of the following occur: (1) Client asks attorneys not to file the bankruptcy petition, or (2) Client tells attorneys that their representation of Client is over, or (3) the court signs an Order permitting attorneys to withdraw as counsel to Client, or (4) when the bankruptcy is dismissed or a discharge granted and all open matters, such as related contested matters, have been completed. Client agrees that this provision shall be valid even though Client might have to contact attorneys in the future regarding matters related to this bankruptcy, such as re-opening the bankruptcy to add a creditor that was left out of the bankruptcy.

**I HAVE READ THE ABOVE AND AGREE TO THE TERMS.**

Dated: 26    MAY    2004

**THE MICHELSON LAW OFFICE**

By _____

_____
Client

_____
Client

FA-14 (5/04)

 **Michelson**    Attorneys – At – Law

Robert Michelson
   Certified Consumer Bankruptcy Specialist
   by American Board of Certification
Carrie R. Michelson

617 – 6th Street, P.O. Box 67
Racine, Wisconsin 53401-0067
Racine: (262) 638-8400
Kenosha: (262) 552-7446
Fax: (262) 638-1818

United States Bankruptcy Court
**UNITED STATES COURTHOUSE**
517 E. Wisconsin Ave.
Milwaukee, WI 53202

RECEIVED
JUN 23 2004
United States Bankruptcy Court
Mail

RE:    **ANGELA KEMEN**

Dear Madam:

(Only checked paragraphs should be considered.)

( X )    Enclosed please find my client's Petition for Bankruptcy, which we ask that you file.
**A credit card blanket authorization form is on file with Court. I ask that the
filing fee be charged to that account.**

( X )    We ask that you provide us with a copy of the *Notice of Bankruptcy Case Filing*
in the envelope provided.

(   )    Please also provide us with a certified copy of the Notice of Bankruptcy Case Filing
and return to us in the envelope provided.

(   )    Enclosed you will find Amended Schedules in this case.

(   )    Enclosed you will find our Motion for Conversion in this case. We ask that you
provide us with a copy of the Notice of Bankruptcy Case Filing regarding the
Conversion in the envelope provided.

Thank you for your assistance in this matter.

Very truly yours,

**THE MICHELSON LAW OFFICE**

By Robert Michelson

Robert Michelson

RHM/kla
Enclosures